UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNY TUGGLE

VERSUS

MMR-AEI CONSTRUCTORS, INC.

CIVIL ACTION

NUMBER 08-62-FJP-CN

## RULING

This matter is before the Court on the Motion to Dismiss by Defendant MMR-AEI Constructors, Inc., pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure.[1] Plaintiff has filed an opposition to the motion.[2] For the reasons which follow, defendant's motion is denied.

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time limit for service and provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, under Rule 4(m), the district court has two choices when

---

[1] Rec. Doc. No. 17.

[2] Rec. Doc. No. 20.

Doc#45352                                    1

plaintiff fails to properly serve the defendant within a 120-day period: it may dismiss the action without prejudice or direct that service be affected within a specified time.  The second part of the rule qualifies the district court's choices, requiring the Court to grant an extension of time when the plaintiff shows good cause for the delay.[3]  When service of process is challenged, the plaintiff carries the burden of proving good cause for the failure to effect timely service.[4]

Good cause has been defined as "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the party seeking an enlargement and some reasonable basis for non-compliance within the time specified is normally required."[5]  Simply stated, "a plaintiff shows good cause for delay when a good faith attempt is made to effectuate service, but the service nonetheless fails to satisfy all the requirements set forth in Rule 4."[6]  Also, "each case must be taken on its own particular facts to determine whether a good

---

[3] See Thompson v. Brown, 91 F.3d 20,21 (5th Cir. 1996).

[4] Gitz v. St. Tammany Parish Hospital, 125 F.R.D. 138 (E.D. La. 1989); Purvis v. Jenkins, 1998 WL 290212 at * 2 (E.D. La. 1998).

[5] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985); Gitz, 125 F.R.D. at 139.

[6] Murungi v. Simmons, 2001 WL 1414963 at *1 (E.D. La. 2001), citing Chilean Nitrate Corp. V. M/V Hans Leonhardt , 810 F.Supp. 732, 735 (E.D. La. 1992).

Doc#45352                                                         2

faith effort to effectuate service has been made."[7]

The original Complaint in this matter was filed in federal court on January 31, 2008. Defendant notes that it was not served until June 11, 2008, which is 132 days after the Complaint was filed. Defendant moves to dismiss plaintiff's Complaint on the grounds that plaintiff cannot show good cause for noncompliance with Rule 4(m). Defendant also argues that absent a showing of good cause, the Court has no discretion to grant plaintiff an extension of time to properly effectuate service.

In his Opposition, plaintiff notes that the advisory committee notes of the 1993 amendment to Rule 4(m) provide courts with greater discretion to allow for service outside the scope of Rule 4(m) even where no good cause is shown. Plaintiff states counsel received a Notice from the Court on June 10, 2008, advising that counsel had failed to perfect service in accordance with Rule 4(m).[8] In that Notice, the Court granted plaintiff 10 days to perfect service and file proof of service in the record. Plaintiff complied the following day by delivering a copy of the Summons and Complaint to the secretary of the defendant's registered agent. On June 12, 2008, plaintiff's counsel filed proof of service in the record.

---

[7]Chilean Nitrate Corp., 810 F.Supp. at 735, quoting Brown v. Bellaplast Maschinenbau, 1986 WL 6145 at *3 (E.D. Pa. May 27, 1986).

[8]See Rec. Doc. No. 6.

Doc#45352                                             3

Plaintiff also contends he has established good cause for the service delay. Plaintiff states that lead trial counsel for plaintiff was diagnosed with a serious medical condition and was making preparations for his treatment at MD Anderson Cancer Center in Houston, Texas, for a four to six month period which caused some confusion in counsel's office during this time. Plaintiff requests the Court find that lead counsel's cancer diagnosis and the urgency to establish a treatment plan in Houston is "good cause" under the law.

The Court finds that on June 10, 2008, plaintiff was given a ten day extension of time by the Court with which he complied in one day. The Court further finds plaintiff's counsel had "good cause" for the delay in proper service based on the serious medical condition of plaintiff's counsel. Since proper service has now been effected and the defendant did not show that it was prejudiced by the delay, defendant's Motion to Dismiss is hereby denied.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 27 day of August, 2008.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA